IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

UNITED STATES OF AMERICA
upon the relation and for the use of the
TENNESSEE VALLEY AUTHORITY,                                       PLAINTIFF

v.                                            CIVIL ACTION NO. 1:15-cv-00019-GHD-DAS

AN EASEMENT AND RIGHT-OF-WAY
OVER 3.28 ACRES OF LAND, MORE
OR LESS, IN LEE COUNTY,
MISSISSIPPI; and FREEDOM TD
PRODUCTS, INC. f/k/a Mac's Tire
Recyclers, Inc.; LIBERTY TIRE
RECYCLING, LLC; and DON B.
CANNADA, trustee                                             DEFENDANTS

**MEMORANDUM OPINION GRANTING PLAINTIFF'S MOTION FOR JUDGMENT
ON THE PLEADINGS AS TO OBJECTIONS AND DEFENSES TO THE TAKING
ASSERTED BY DEFENDANTS FREEDOM TD PRODUCTS, INC.
AND LIBERTY TIRE RECYCLING, LLC;
RESERVING ISSUE OF JUST COMPENSATION FOR JURY TRIAL**

The United States, on behalf of the Tennessee Valley Authority, brings this action for the taking of property under the power of eminent domain and for the ascertainment of just compensation to the owners and parties in interest. Presently before the Court is Plaintiff the United States, on behalf of the Tennessee Valley Authority's motion for judgment on the pleadings upon or to strike the objections and defenses to the taking asserted by Defendants Freedom TD Products, Inc. and Liberty Tire Recycling, LLC [23]. Defendants Freedom TD Products, Inc. and Liberty Tire Recycling, LLC have not filed a response to the motion, and the time for doing so has now passed. The motion is now ripe for review. Upon due consideration, the Court finds that the motion is well taken and should be granted and that the issue of just compensation should be resolved at the jury trial set in this cause for August 21, 2017.

1

## I. Factual and Procedural Background

In the case *sub judice*, the United States, on behalf of the Tennessee Valley Authority ("TVA"), took an electric power transmission line easement and right-of-way across 3.28 acres of an approximately 51-acre tract of land in Lee County, Mississippi. Defendant Freedom TD Products, Inc. ("Freedom TD") owned the subject property in fee simple by virtue of a deed recorded as Instrument No. 2011009869 in the office of the Chancery Clerk of Lee County, Mississippi. Defendant Liberty Tire Recycling, LLC ("Liberty Tire") was the holder of an option to purchase said property and a right of first refusal to purchase said property in conjunction with a related parcel of property pursuant to a Memorandum of Monofill Disposal and Option Agreement dated August 11, 2011, recorded as Instrument No. 2011009871 in the office of the Chancery Clerk of Lee County; Liberty Tire also had a lien on said property as the beneficiary of a Deed of Trust and Security Agreement recorded as Instrument No. 2011009872 in the office of the Chancery Clerk of Lee County.

TVA filed its Complaint [1] on January 22, 2015, and asserted its rights to condemn the disputed property in compliance with the procedures mandated by Rule 71 of the Federal Rules of Civil Procedure. On the same day, and also in compliance with Rule 71, TVA filed a Declaration of Taking [2], wherein it declared the authority for the taking and the public uses for which the property was sought; TVA also deposited $16,150 with the registry of this Court as its estimate of just and liberal compensation for the easement and right-of-way acquired.

On February 23, 2015, TVA filed a motion for entry of an order of immediate possession [8] of the condemned easement and right-of-way. On February 24, 2015, the Court entered an Order of Possession [11] directing that

> [TVA], as agent of the United States of America, be put into immediate possession of the property described in the Declaration of Taking filed in this action to the extent necessary to permit

> [TVA] to carry on any of its operations described in the pleadings filed herein, and that the Defendants in such action surrender possession of the said property to [TVA] accordingly.

Ct.'s Order of Possession [11] at 1. On March 11, 2015, TVA filed a notice [16] of disclaimer of interest executed by Defendant Don B. Cannada, the designated trustee in the Deed of Trust. Freedom TD and Liberty Tire subsequently filed answers with defenses and objections to the taking, as well as jury demands for a trial by jury on all issues. *See* Liberty Tire's Jury Demand [10]; Freedom TD's Answer & Am. Answer [17 & 18]; Liberty Tire's Answer with Jury Demand [20]. On July 8, 2016, TVA filed the present motion for judgment on the pleadings upon or to strike the objections and defenses to the taking asserted by Freedom TD and Liberty Tire [23].

## *II. Legal Standards*

TVA's motion is filed pursuant to Rule 12(c), or in the alternative Rule 12(f)(1), of the Federal Rules of Civil Procedure.

After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). A Rule 12(c) motion is governed by the same standards as a Rule 12(b)(6) motion. *See Brown v. CitiMortgage, Inc.*, 472 F. App'x 302, 303 (5th Cir. 2012) (per curiam) (citing *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n.8 (5th Cir. 2000)). "A motion brought pursuant to [Rule] 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam) (citing 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1367, at 509–10 (1990)).

Pursuant to Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "[A]

3

plaintiff desiring early resolution of an affirmative defense may seek to strike it under [Rule] 12(f)." *C&C Inv. Props., L.L.C. v. Trustmark Nat'l Bank*, 838 F.3d 655, 660–61 (5th Cir. 2016) (citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1381 (3d. ed. 2004) (explaining that the "insufficient defense" language in Rule 12(f) had been read to allow a challenge to the legal sufficiency of an affirmative defense)). "Striking an affirmative defense is warranted if it cannot, as a matter of law, succeed under any circumstance." *United States v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013). However, a Rule 12(f) motion must be filed "either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." *See* FED. R. CIV. P. 12(f)(2). Because TVA was served with the two answers at the latest on March 30, 2015, *see* Answers [17, 18, 19, 20] and it filed its motion on July 8, 2016, the motion to strike is untimely filed and shall not be considered. Thus, the Court must construe the motion exclusively as one filed for judgment on the pleadings under Rule 12(c), though the Court may, *sua sponte*, strike any defenses it determines to be improper pursuant to Rule 12(f). *See* FED. R. CIV. P. 12(f)(1).

### *III. Jurisdiction*

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and the Tennessee Valley Authority Act of 1933 ("TVA Act"), 16 U.S.C. §§ 831–831ee.

### *IV. Analysis and Discussion*

TVA's motion for judgment on the pleadings argues that the objections and defenses presented in the answers filed by Liberty Tire and Freedom TD fail as a matter of law. These objections and defenses are as follows: (a) lack of authority; (b) not a public necessity; (c) not a public use; (d) insufficient property description; (e) no need for immediate possession; (f) Fifth Amendment violation; (g) failure to state a claim under Rule 12(b)(6); (h) failure to adequately state appurtenant right, title, and interest being sought; and (i) reservation of unpled defenses. As

4

stated, Freedom TD and Liberty Tire have not filed responses and/or affidavits or other evidence opposing TVA's motion. Nor do they cite any authority for their arguments in their respective answers. For the reasons stated below, the Court finds that TVA's motion for judgment on the pleadings pursuant to Rule 12(c) must be granted.

**(a) Lack of Authority**

First, Freedom TD and Liberty Tire allege in their answers that "[t]he [c]omplaint fails to adequately state the authority for the taking by omitting findings by resolution of the Board of Directors ('Board') of [TVA] that the taking of the subject property is a public necessity and is needed for the public use" and that "[TVA] is without authority to condemn the subject property because it failed to engage in good[-]faith negotiations before instituting this action[] and failed to make a bona fide offer of just compensation." Freedom TD's Am. Answer [18] ¶¶ 3, 7; Liberty Tire's Answer [20] ¶¶ 3, 7.

TVA alleges in its complaint that the authority for the taking is the TVA Act. Pl.'s Compl. [1] at 1. The TVA Act provides that TVA "[s]hall have power in the name of the United States of America to exercise the right of eminent domain, and in the purchase of any real estate or the acquisition of real estate by condemnation proceedings, the title to such real estate shall be taken in the name of the United States of America, and thereupon all such real estate shall be entrusted to [TVA] as the agent of the United States to accomplish the purposes of this chapter." 16 U.S.C. § 831c(h). This power is expressly applicable to "acquire real estate for the construction of dams, reservoirs, transmission lines, power houses, and other structures . . . at any point along the Tennessee River, or any of its tributaries . . . [, and TVA may] condemn all property that it deems necessary for carrying out the purposes of this chapter . . . ." 16 U.S.C. § 831c(i). The TVA Act provides that Congress' clear purpose was to grant TVA "all the power needed to acquire lands by purchase or by condemnation which it deems necessary for carrying

out the [TVA] Act's purposes." *TVA v. Welch*, 327 U.S. 546, 554, 66 S. Ct. 715, 90 L. Ed. 843 (1946). The TVA Act must "be liberally construed to carry out the purposes of Congress . . . ." 16 U.S.C. § 831dd; *see Welch*, 327 U.S. at 551, 66 S. Ct. at 717.

In the complaint, TVA alleges in pertinent part that "[t]he authority for the taking is [the TVA Act]" and that it seeks condemnation for "the erection, operation, and maintenance of electric power transmission circuits and communication circuits." Pl.'s Compl. [1] ¶¶ 2, 3. The "erection, operation, and maintenance of electric power transmission circuits and communication circuits" is a public use for the easement and right-of-way, and such condemnation is within the authority of the TVA Act. *See United States ex rel. TVA v. An Easement & Right-of-Way over 2.8 Acres of Land, More or Less, in DeSoto Cty., Miss.*, No. 2:97CV176-B-B, 1997 WL 801459, at *1 (N.D. Miss. Dec. 29, 1997); *United States ex rel. TVA v. Add'l Rights with Respect to an Existing Easement & Right-Of-Way over Land, In Lowndes Cty., Miss.*, No. 1:96CV233-B-A, 1997 WL 206763, at *2 (N.D. Miss. Apr. 11, 1997). *See also United States ex rel. TVA v. Easement & Right-of-Way over a Total of 2.14 Acres of Land, More or Less, in Tipton Cty., Tenn.*, No. 11-CV-02847, 2012 WL 3630276, at *2 (W.D. Tenn. Aug. 21, 2012); *United States ex rel. TVA v. Easements & Rights-of-Way over a Total of 15.69 Acres of Land, More or Less, in Gordon Cty., Ga.*, 589 F. Supp. 2d 1349, 1358 (N.D. Ga. 2008); *United States ex rel. TVA v. Easements & Rights-of-Way over a Total of 11.36 Acres of Land, More or Less, in Fayette Cty., Tenn.*, No. 05-2200 B, 2006 WL 382132, at *1, *2 (W.D. Tenn. Feb. 16, 2006). TVA is not required to submit findings by resolution of its Board concerning the taking. Its allegation concerning the authority for the taking is sufficient under Rule 71.1(c)(2)(A).[1] Furthermore,

---

[1] Nonetheless, TVA attaches to its motion a signed and sealed copy of the TVA President and Chief Executive Officer's December 30, 2014 "Authorization to File 6 Condemnation Cases." The Court did not consider this attachment in its analysis of the present motion, which is limited to the pleadings and documentation attached to the pleadings. *See* FED. R. CIV. P. 12(c).

TVA was not required to engage in good-faith negotiations or produce an offer of compensation prior to instituting the action. Freedom TD and Liberty Tire have cited no authority to the contrary. For the foregoing reasons, this objection or defense by Freedom TD and Liberty Tire is not well taken.

### (b) Not a Public Necessity

Second, Freedom TD and Liberty Tire allege in their answers that "[t]here is no public necessity for the proposed taking." Freedom TD's Am. Answer [18] ¶ 4; Liberty Tire's Answer [20] ¶ 4. This statement is conclusory and need not be considered by the Court. Nonetheless, the Fifth Circuit has stated with respect to condemnation proceedings by the United States (albeit with respect to the Army Corps of Engineers): "The argument that land sought to be condemned is not really necessary for the consummation of a plan . . . has been unanimously rejected by every court which has considered the matter. It is perfectly clear that the judicial role in examining condemnation cases does not extend to determining whether the land sought is actually necessary for the operation of the project." *United States v. 2,606.84 Acres of Land in Tarrant Cty., Tex.*, 432 F.2d 1286, 1289 (5th Cir. 1970). Freedom TD and Liberty Tire have cited no authority to the contrary. For the foregoing reasons, this objection or defense by Freedom TD and Liberty Tire is not well taken.

### (c) Not a Public Use

Third, Freedom TD and Liberty Tire allege in their answers that "[t]he Proposed Right-of-Way is not being taken for the public use." Freedom TD's Am. Answer [18] ¶ 5; Liberty Tire's Answer [20] ¶ 5. This statement is conclusory and need not be considered by the Court. However, the statement is also not well taken as a matter of law. "[I]t is the function of Congress to decide what type of taking is for a public use and that the agency authorized to do the taking may do so to the full extent of its statutory authority." *Welch*, 327 U.S. at 551–52, 66

S. Ct. 715. "[W]hen Congress has spoken on this subject its decision is entitled to deference until it is shown to involve an impossibility. Any departure from this judicial restraint would result in courts deciding on what is and is not a governmental function and in their invalidating legislation on the basis of their view on that question at the moment of decision, a practice which has proved impracticable in other fields." *Id.* at 552, 66 S. Ct. 715 (internal quotation marks and citations omitted); *see Berman v. Parker*, 348 U.S. 26, 32, 75 S. Ct. 98, 99 L. Ed. 27 (1954) (explaining the "extremely narrow" scope of judicial review), *cited in Haw. Hous. Auth. v. Midkiff*, 467 U.S. 229, 239–41, 104 S. Ct. 2321, 81 L. Ed. 2d 186 (1984). Furthermore, "[w]here public need requires acquisition of property, that need is not to be denied because of an individual's unwillingness to sell." *Welch*, 327 U.S. at 554, 66 S. Ct. 715.

In the complaint, TVA seeks condemnation for "the erection, operation, and maintenance of electric power transmission circuits and communication circuits." Pl.'s Compl. [1] ¶ 3. The law is well established that condemnation for these purposes is a public use, as demonstrated above in the reasoning pertaining to the lack of authority objection or defense. Freedom TD and Liberty Tire have cited no authority to the contrary. For the foregoing reasons, this objection or defense by Freedom TD and Liberty Tire is not well taken.

### (d) Insufficient Property Description

Fourth, Freedom TD and Liberty Tire allege in their answers that "[t]he [c]omplaint fails to contain a description sufficient to identify the property involved in the taking"; "fails to describe the whole property from which the Proposed Right-of-Way and other property interest will be taken"; and "fails to properly describe the additional property, beyond the Proposed Right-of-Way, that will be subject to the condemnor's right to destroy or otherwise dispose of trees, and to damage land, annual crops, fences[,] and roads outside the Proposed Right-of-Way." Freedom TD's Am. Answer [18] ¶ 6; Liberty Tire's Answer [20] ¶ 6. The Court finds that the

descriptions provided by Plaintiff satisfy the requirements of Rule 71.1(d)(2)(A)(ii) of the Federal Rules of Civil Procedure[2] and 40 U.S.C.A. § 3114.[3] Freedom TD and Liberty Tire have

---

[2] Rule 71.1(d)(1) requires that a plaintiff in a condemnation action provide a notice to the defendant property owner. FED. R. CIV. P. 71.1(d)(1). Rule 71.1(d)(2)(A) governs the contents of the notice, and provides:

> (A) Main Contents. Each notice must name the court, the title of the action, and the defendant to whom it is directed. It must describe the property sufficiently to identify it, but need not describe any property other than that to be taken from the named defendant. The notice must also state:
>
> (i) that the action is to condemn property;
>
> (ii) the interest to be taken;
>
> (iii) the authority for the taking;
>
> (iv) the uses for which the property is to be taken;
>
> (v) that the defendant may serve an answer on the plaintiff's attorney within 20 days after being served with the notice;
>
> (vi) that the failure to so serve an answer constitutes consent to the taking and to the court's authority to proceed with the action and fix the compensation; and
>
> (vii) that a defendant who does not serve an answer may file a notice of appearance.
>
> (B) Conclusion. The notice must conclude with the name, telephone number, and e-mail address of the plaintiff's attorney and an address within the district in which the action is brought where the attorney may be served.

FED. R. CIV. P. 71.1(d)(2).

[3] Title 40 U.S.C. § 3114 provides in pertinent part:

> In any proceeding in any court of the United States outside of the District of Columbia brought by and in the name of the United States and under the authority of the Federal Government to acquire land, or an easement or right of way in land, for public use, the petitioner may file, with the petition or at any time before judgment, a declaration of taking signed by the authority empowered by law to acquire the land described in the petition, declaring that the land is taken for the use of the Government. The declaration of taking shall contain or have annexed to it—
>
> (1) a statement of the authority under which, and the public use for which, the land is taken;
>
> (2) a description of the land taken that is sufficient to identify the land;
>
> (3) a statement of the estate or interest in the land taken for public use;

cited to no authority to the contrary. For the foregoing reasons, this objection or defense by Freedom TD and Liberty Tire is not well taken.

### (e) No Need for Immediate Possession

Fifth, Freedom TD and Liberty Tire allege in their answers that "[t]he [c]omplaint fails to justify the need for immediate possession of the property sought to be condemned before just compensation is determined and paid." Freedom TD's Am. Answer [18] ¶ 8; Liberty Tire's Answer [20] ¶ 8. This objection or defense is moot due to the Court's February 24, 2015 Order [11] granting TVA's motion for entry of an order of immediate possession [8]. Freedom TD and Liberty Tire have cited no argument or authority to the contrary. Accordingly, this defense or objection by Freedom TD and Liberty Tire is not well taken.

### (f) Fifth Amendment Violation

Sixth, Freedom TD and Liberty Tire allege in their answers that "[t]he proposed taking violates Amendment V of the United States Constitution." Freedom TD's Am. Answer [18] ¶ 9; Liberty Tire's Answer [20] ¶ 9. This statement is conclusory and need not be considered by the Court. Nonetheless, the Fifth Amendment provides in pertinent part that "private property [shall not] be taken for public use, without just compensation." U.S. CONST. amend. V. As TVA argues, logically, this statement pertains only to the issue of just compensation, a matter suited for trial by jury. Freedom TD and Liberty Tire will have the opportunity at trial to prove the amount of just compensation due for the easement and right-of-way condemned. Freedom TD and Liberty Tire have cited no argument or authority to the contrary.

---

(4) a plan showing the land taken; and

(5) a statement of the amount of money estimated by the acquiring authority to be just compensation for the land taken.

40 U.S.C. § 3114(a).

### (g) Failure to State a Claim Under Rule 12(b)(6)

Seventh, Freedom TD and Liberty Tire allege in their answers that "[t]he [c]omplaint fails to state a claim against [Freedom TD and Liberty Tire] upon which relief can be granted" and that they "move to dismiss the [c]omplaint pursuant to [Rule] 12(b)(6)." Freedom TD's Am. Answer [18] ¶ 10; Liberty Tire's Answer [20] ¶ 10. This Court does not recognize a motion to dismiss that is solely urged within the body of a pleading; such a motion must be separately urged to be considered by the Court. *See* L.U. CIV. R. 7(b)(2)(A). Nonetheless, for the reasons stated above, this defense has no merit; condemnation for the erection, operation, and maintenance of electric power transmission circuits is within the authority of the TVA Act. Freedom TD and Liberty Tire have cited no authority to the contrary. For the foregoing reasons, this objection or defense by Freedom TD and Liberty Tire is not well taken.

### (h) Failure to Adequately State Appurtenant Right, Title, and Interest Being Sought

Eighth, Freedom TD and Liberty Tire allege in their answers that "[t]he [c]omplaint fails to adequately state which appurtenant right, title[,] and interest is being sought as to Tract UT-60, Lee County, Mississippi (Highway 145), and as to Tract UT-62, the adjoining railroad right-of-way." Freedom TD's Am. Answer [18] ¶ 11; Liberty Tire's Answer [20] ¶ 11. For the reasons stated above, the Court finds that TVA has adequately stated the right, title, and interest being sought. Freedom TD and Liberty Tire have cited no authority to the contrary. Therefore, this objection or defense by Freedom TD and Liberty Tire is not well taken.

### (i) Reservation of Unpled Defenses

Ninth, Freedom TD and Liberty Tire allege in their answers that they "reserve[] any and all other affirmative defenses that may become apparent during the discovery process of this action." Freedom TD's Am. Answer [18] ¶ 12; Liberty Tire's Answer [20] ¶ 12. Rule 71.1 does

not permit such a reservation of unpled defenses. Therefore, this allegation by Freedom TD and Liberty Tire is not well taken.

## *V.    Conclusion*

Accordingly, TVA is entitled to a judgment on the pleadings because it has the right to take, for just compensation, the subject property for the erection, operation, and maintenance of electric power transmission circuits and communication circuits. For all of the foregoing reasons, Freedom TD's and Liberty Tire's objections and defenses as to the taking fail as a matter of law, and TVA's motion for judgment on the pleadings [23] pursuant to Rule 12(c) must be granted. However, Freedom TD and Liberty Tire are entitled to a trial to contest the compensation offered. Therefore, the case *sub judice* shall remain on the Court's docket for further proceedings to address the issue of compensation.

An order in accordance with this opinion shall issue this day.

THIS, the ___6___ day of March, 2017.

_____
SENIOR U.S. DISTRICT JUDGE